Calvin O. BAUCUM, Appellant,

v.

**PYRAMID LIFE INSURANCE COMPANY,**
Appellee.

No. 7794.

Court of Civil Appeals of Texas.

Texarkana.

April 11, 1967.

Rehearing Denied May 9, 1967.

Wm. V. Brown, Jr., Brown & Brown, Texarkana, for appellant.

Cahill Hitt, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

DAVIS, Justice.

A suit on a medical and hospital policy. Plaintiff, Calvin O. Baucum, sued Defendant, Pyramid Life Insurance Company, as the result of certain illnesses and hospitalizations, and for attorney's fees. The insurance policy was admitted. There are no arguments about its contents. It was stipulated, in the event plaintiff was entitled to recover, the amount due was $241.40 and he was entitled to recover $250.00 as attorney's fees. The case was tried to a jury. Only two special issues were submitted. They inquired if Coronary Insufficiency was the cause rendering it necessary for plaintiff to receive medical treatment and hospitalization; and, what percentage, if any, did it find from the evidence the hospitalization was attributing to Coronary Insufficiency. The issues were answered "no" and "none". Plaintiff filed a motion for judgment. Defendant filed a motion for judgment n. o. v. The trial court granted the defendant's motion. Plaintiff has perfected his appeal and brings forward three points of error.

By his points, plaintiff says the trial court erred in setting aside the verdict of the jury that was returned upon a disputed fact issue, in failing to render judgment on the verdict for the reason that all the medical evidence does not point out to a possible Coronary Insufficiency.

The evidence shows that the plaintiff became ill with a pain in his chest and in his side and required him to be taken to a hospital. He was first taken to a hospital in New Boston, Texas, and was later transferred to St. Michael's Hospital in Texarkana, Arkansas. As a result of this illness, he was hospitalized for six or seven days. After the hospitalization, he became

completely well and returned to his work as a carpenter.

According to the medical evidence that was offered by defendant, it showed the plaintiff was suffering from possible Coronary Insufficiency; Chronic Gall Bladder Disease; Chronic Gastritis; Chronic Cholecystitis with Cholelitiasis. It further shows:

"HEART: Rate is slightly increased. The rhythm is normal and there is no irregularity. There are no murmurs. There apparently is no enlargement. The peripheral vessels do not show any increase in arteriosclerotic changes."

It also shows:

"*1-7-66:* X-Ray — St. Mich — G. B. and B. I.

1. Prephloric Gastritis with pholaspe of Gastric Mucosa into the base of the Bulb. 2. Bulb slightly deformed, but no *f*efinite Ulcer can be identified. 3. Some ex*egg*arated Extrinsic pressure along the greater curvature of the Media of stomach in upright position. May be due to the proximity of the Spleen or a loop of colon."

On March 16, 1966, the doctor wrote a letter in which he states in part:

" * * * To my knowledge and to the best of my belief Mr. Baucum *has not had Coronary Insufficiency at any time prior to his admission* to the hospital. * * * " Emphasis added.

There were several electrocardiograms made upon the plaintiff, but they all showed normal or negative. There is no evidence of any treatment of plaintiff by the doctor for Coronary Insufficiency or heart attack. The doctor made the statement, offered in evidence by the defendant, that the plaintiff had *NOT* had any Coronary Insufficiency at ANY TIME PRIOR to his admission to the hospital. If the plaintiff had not had any Coronary Insufficiency at any time PRIOR to his admission to the hospital, the Coronary Insufficiency was not the cause of him being admitted thereto.

■ At least the medical evidence is conflicting. This creates an issue of fact that must be decided by the jury. Ford v. Panhandle & Santa Fe Ry. Co., (1952), 151 Tex. 538, 252 S.W.2d 561; 62 T.J. 2nd 443, Sec. 371, and authorities cited therein. The medical evidence of possible Coronary Insufficiency does not create positive proof of a fact. The word "possible", as defined by Webster's Dictionary reads as follows: "pos'si-ble, a. (L. possibilis, from posse, to be able.)

1. That may or can happen, be, or exist; that may be done; not contrary to the nature of things; liable to happen or come to pass.

Precedent of experience is in all this the only *possible* guide—John Graham Brooks.

2. Capable of being, existing, or coming to pass, but highly improbable.

'Tis *possible* to infinite power to endue a creature with the power of beginning motion—Clarke.

Syn.—Practicable, feasible, likely, potential."

■ There was evidence offered by the plaintiff that he was a pretty sick man, and apparently, the doctor thought so. The plaintiff swore that the doctor did not tell him that he was suffering because of Coronary Insufficiency, or any other circular disease. This created conflicting issues of fact that became the duty of the jury to resolve. 62 T. J. 437, Section 370, and the authorities cited therein. The principle of the law wherein a trial court may grant a judgment, notwithstanding the jury verdict, is very limited. If there is any evidence of probative value, he cannot do so. Burt v. Lochausen (1952), 151 Tex. 289, 249 S.W.2d 194; Benoit v. Wilson (1951), 150 Tex. 273, 239 S.W.2d 792; Muro v.

Houston Fire and Casualty Insurance Co., (Ct.Civ.App.1950) 329 S.W.2d 326.

 We hold that there is sufficient evidence of probative value to support the jury's findings. The points of error are sustained.

The judgment of the trial court is reversed and rendered.